FLYNN v. JENNICHES.

CONTRACTS—INSURANCE—AGENT NOT ENTITLED TO BONUS UNDER
TERMS OF CONTRACT.
Where contract between State insurance agent and district agent
provided that bonus should be paid latter where full annual
premium had been paid, he was not entitled to bonus on
policies written but not paid for at time of settlement when
contract was terminated by mutual consent.

Error to Genesee; Parker (James S.), J.   Submitted April 5, 1929.   (Docket No. 78, Calendar No. 34,140.)   Decided June 3, 1929.

Assumpsit by Darrel V. Flynn against Bart. Jenniches for bonus under an insurance agency contract. From a directed verdict for defendant, plaintiff brings error.   Affirmed.

*Roach & Bean* and *Neithercut & Neithercut,* for plaintiff.

*Guy W. Selby,* for defendant.

CLARK, J.   Defendant, State agent of a life insurance company, engaged plaintiff under written contract as a district agent.
The contract provided:

"If the party of the second part shall write applications for insurance aggregating not less than $150,000 in each contract year on which policies have been issued and the full annual premium shall have been paid; the party of the first part agrees to pay the party of the second part a bonus of $3 on each

$1,000 of such part of said $150,000 as shall have been paid for annually."

Also:

"It is further understood and agreed that if for any reason the party of the second part discontinue service with the party of the first part within one year from the date of this contract then any moneys received to date by said second party shall be in full for services rendered."

At the end of the first year the parties settled according to contract. Toward the middle of the second year, defendant, State agent, became ill, and was compelled to quit the agency. Plaintiff, defendant aiding in that regard, became State agent, thereby succeeding to benefit of much that defendant had done, and also assuming responsibility respecting business of the agency. There was written during the first contract year a number of policies on which the first annual premium had not been paid at time of settlement, and other policies had been written during the year and delivered afterwards, and on none of which was bonus computed in the settlement. Also a number of policies was written during the first part of the second year. On all of which plaintiff claiming bonus brought this suit. Verdict was directed for defendant. Plaintiff brings error.

The contract itself denies plaintiff's right to recover. The suggestion that the provision of the contract that bonus shall be paid only under the conditions named is a penalty calls for no discussion.

It may be that defendant could not have ended arbitrarily and capriciously the relation to the damage of plaintiff, but that is not contended, it appearing that the parties were in accord respecting the

change in agency and the termination of their contract relation.

Judgment affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDON-ALD, POTTER, and SHARPE, JJ., concurred.